UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00049-JRG |
| | ) | |
| BILLY RAY JOHNSON | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Billy Ray Johnson's Renewed Pro Se Motion for Compassionate Release/Reduction in Sentence [Doc. 90] and the United States' Response in Opposition [Doc. 92]. On June 1, 2020, the Court denied without prejudice Mr. Johnson's Pro Se Motion for Compassionate Release/Reduction in Sentence [Doc. 83], in which Mr. Johnson, citing underlying medical conditions—namely, "sinus problems," "a spot on [his] lung," and a past bout with tuberculosis—moved the Court to order his immediate release from prison because of the COVID-19 pandemic. [*Id.* at 7]. In denying Mr. Johnson's motion, the Court determined that it could not provide him with the relief he requested because he had failed to exhaust his administrative remedies under 28 U.S.C. § 3582(c)(1)(A). [Mem. Op. & Order, Doc. 89, at 3]. The United States now concedes, however, that the "Court has authority to consider this motion for compassionate release—unlike the prior one—because 30 days have passed since Johnson submitted a request for compassionate release to the warden of his facility." [United States' Resp. at 1].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although 18 U.S.C § 3582(c) begins with the declaration that "[t]he court may

not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden.

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted); *see United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

The Application Notes to § 1B1.13 state that, when a defendant suffers from a medical condition, extraordinary and compelling reasons exist in two scenarios: the medical condition (1) is a terminal illness or (2) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 n.1(A)(i)–(ii). Mr. Johnson does not contend that his underlying conditions—in and of themselves—are terminal. Rather, he argues that if he were to contract COVID-19, it "could very well be the catalyst" for a serious illness in combination with his underlying conditions. [Def.'s Mot. at 2]. The Court therefore construes his request for compassionate release as falling within the second scenario.

2

In considering whether Mr. Johnson's underlying conditions, against the backdrop of the COVID-19 pandemic, "substantially diminish[] [his] ability" to "provide self-care within" the prison's walls and leave him without an expectation of recovery, USSG § 1B1.13 n.1(A)(ii), the Court turns to the Center of Disease Control's guidelines, *see, e.g.*, *Cameron v. Bouchard*, ___ F. Supp. 3d ___, 2020 WL 2569868, at *4–5 (E.D. Mich. May 21, 2020); *Awshana v. Adduccl*, ___ F. Supp. 3d ___, 2020 WL 1808906, at *4 (E.D. Mich. Apr. 9, 2020); *see also Valentine v. Collier*, 140 S. Ct. 1598, 1600 n.2 (2020) (citing the CDC's guidelines in a case involving COVID-19); *cf. Sch. Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 287 (1987) (stating that "courts normally should defer to the reasonable medical judgments of public health officials" (footnote and quotation omitted)). According to the CDC, persons with the following characteristics and underlying conditions are more likely than others to suffer severe illness or death from COVID-19:

- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Immunocompromised state (weakened immune system) from solid organ transplant
- Obesity (body mass index [BMI] of 30 or higher)
- Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
- Sickle cell disease
- Type 2 diabetes mellitus

*People Who Are at Higher Risk for Severe Illness,* Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#liver-disease (last updated June 25, 2020).

Mr. Johnson's underlying conditions match none of those that the CDC identifies as likely to put an individual at a heightened risk of severe illness from COVID-19. While the Court sympathizes with Mr. Johnson's concerns, it is unwilling to order the release of prisoners whose underlying conditions, based on the CDC's guidelines, do not place them at a greater risk of

severe illness from COVID-19; otherwise, the Court, to be evenhanded, would face the untenable situation of having to release all prisoners with any underlying condition. *See United States v. Wright*, No. CR-16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." (footnote omitted))*; see also United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) ("[Compassionate release due to a medical condition is an extraordinary and rare event." (quotation omitted)).

Even if the Court were to view Mr. Johnson's underlying conditions as likely to put him at a greater risk of severe illness from COVID-19, he still would not be entitled to compassionate release because he provides the Court with no indication that he is in danger of contracting the virus. Mr. Johnson acknowledges that his facility currently has no known cases of COVID-19, [Def.'s Mot. at 4], and the United States represents to the Court that at least thirteen tests have been administered to inmates at his facility and none of them have been positive, [United States' Resp. at 9 n.2]; *cf. United States v. You*, No. 20-5390, at 2 (6th Cir. Apr. 22, 2020) (PACER) ("Critical here, however, there are no known COVID-19 cases at [the defendant's] present facility. . . . [and] her facility has implemented precautionary measures to protect those detained in the facility."); *see United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020) ("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify [the defendant's] release." (citation omitted)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Johnson*, No. 2:19-CR00-81-TOR, 2020 WL 2114357, at *2 (E.D. Wash. May 4, 2020) ("[W]here is Defendant safer from the threat—in a

4

facility with no known cases, or in public with thousands of confirmed cases? Fear of the virus does not warrant immediate release.").

In sum, the Court, again, sympathizes with Mr. Johnson's concerns, but he is not entitled to compassionate release under § 3582(c)(1)(A). Mr. Johnson's Renewed Pro Se Motion for Compassionate Release/Reduction in Sentence [Doc. 90] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE